Matter of Dimaggio v Mayrch Excavation Found. (2020 NY Slip Op 07636)





Matter of Dimaggio v Mayrch Excavation Found.


2020 NY Slip Op 07636


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

529226

[*1]In the Matter of the Claim of Ottavio Dimaggio, Appellant,
v
Mayrch Excavation Foundation et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: November 23, 2020

Before: Garry, P.J., Egan Jr., Mulvey and Colangelo, JJ.


Joel M. Gluck, New York City, for appellant.
Kennedys CMK LLP, New York City (Michael R. Schneider of counsel), for Mayrch Excavation Foundation and another, respondents.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed June 8, 2018, which ruled, among other things, that claimant failed to comply with 12 NYCRR 300.13 (b) (4) (v) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant, an Italian-speaking carpenter, has an established workers' compensation claim for an injury to his back stemming from a 2014 accident. The record was developed on the issue of permanency and, at the conclusion of a January 18, 2018 hearing regarding claimant's loss of wage-earning capacity, a Workers' Compensation Law Judge (hereinafter WCLJ) classified claimant has having a permanent partial disability and found that he has a 96% loss of wage-earning capacity. Those findings were memorialized in a written decision, of which claimant sought review by the Workers' Compensation Board with respect to the degree of loss of wage-earning capacity and/or classification, maintaining that he is totally disabled. The Board, as relevant here, denied claimant's application for review, finding that his general exception following the WCLJ's oral findings did not constitute a "specific objection or exception" sufficient to satisfy the requirements of 12 NYCRR 300.13 (b) (4) (v) because the legal basis of the exception could not be discerned without "some reference" to those findings, even if that reference was "not specific in detail." Claimant appeals.
The Board may, in its discretion, deny an application for review "where the appellant did not interpose a specific objection or exception to a ruling or award by a [WCLJ]" (12 NYCRR 300.13 [b] [4] [v]). Here, at the conclusion of the January 18, 2018 hearing, the WCLJ put his findings on the record and concluded that claimant has a permanent impairment of the lumbar spine, severity ranking G, but is capable of performing limited sedentary work, and that, based on that and certain non-medical vocational factors, claimant has an overall "95[%]" loss of wage-earning capacity. Immediately thereafter, claimant's counsel requested that the WCLJ "[n]ote [her] exception." The WCLJ proceeded to explain to claimant the benefits that he would receive based upon the classification, and claimant, with the assistance of an interpreter, inquired why he had originally received "the 100[%]." Counsel explained to claimant that the WCLJ had "made a decision for 95[%]" and that she had "noted an exception," or, "in other words, . . . said on the record that [she] do[es] not agree with the [WCLJ's] decision." Claimant then continued to express confusion and disagreement with why he was not "give[n] the 100% because [he] cannot work anymore." Thereafter, the WCLJ clarified on the record that he had previously misspoken and that claimant's loss of wage-earning capacity was in fact 96%, prompting claimant's counsel to state that she was "still noting an exception," which the WCLJ acknowledged.
No formulaic objection is required following a WCLJ's issuance of oral findings [*2](see 12 NYCRR 300.13 [b] [4] [v] [a]), and, under these circumstances, we find that the basis of claimant's exception, viewed in context, was sufficiently specific (see 12 NYCRR 300.13 [b] [4] [v]). The Board therefore abused its discretion in denying claimant's application for review (compare Matter of Bruscino v Verizon, 178 AD3d 1272, 1272-1273 [2019]; Matter of Markolovic v MTA Bus Eastchester Depot, 174 AD3d 1271, 1272 [2019]; Matter of Sweeney v Air Stream A.C. Co., 167 AD3d 1222, 1222-1223 [2018], lv denied 33 NY3d 903 [2019]), and we accordingly remit the matter to the Board for further proceedings.
Garry, P.J., Egan Jr. and Mulvey, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.